

1920 L Street, NW, Suite 835, Washington, DC 20036
**(202) 629-3530** | sparacinopllc.com

May 29, 2024

VIA CM/ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Wildman v. Deutsche Bank Aktiengesellschaft*, No. 23-132

Dear Clerk Wolfe,

Standard Chartered's letter discussing the government's certiorari-stage brief in *AstraZeneca UK Ltd. v. Atchley* is unpersuasive. Most obviously, a brief evaluating an out-of-circuit opinion involving different allegations is not "authority" at all; it is not law, but merely arguments—about another case. Defendants also over-read that brief. The government never urged reversal in *Atchley*. Instead, it recommended the Supreme Court vacate and remand per "its usual practice" because *Atchley* "was rendered without the benefit of the Court's guidance in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023)," which "clarified the standard . . . in ways that may bear on the [D.C. Circuit's] analysis." U.S. Br. 10-11.

SCB's two specific points are unpersuasive. SCB first emphasizes a footnote arguing that foreseeability cannot substitute for knowing and substantial assistance to attacks. U.S. Br. 15 n.1. But that same footnote acknowledges that defendants who knowingly and substantially assist unlawful or tortious acts—not necessarily terrorist attacks—become liable for foreseeable torts. *Id.* Here, defendants willfully engaged in criminal terrorist finance schemes (VAT fraud and money laundering), that foreseeably enabled the attacks that injured plaintiffs. Reply 23-24. Independently, SCB's Fatima-related transactions constituted knowing and substantial assistance to IED and suicide attacks because of the close nexus—known to SCB—between servicing Fatima and those specific attack types. *Id.* at 23. *Twitter* itself recognized that indistinguishable allegations "would justify holding a secondary defendant liable for all of the group's actions or perhaps some definable subset of terrorist acts." 598 U.S. at 502.

SCB's second point attacks straw men because plaintiffs allege that defendants' transactions were not routine, Reply 3-10, 17-21, and nobody argues that liability attaches "whenever a plaintiff can identify an atypical transaction with an organization that affiliates with terrorists," U.S. Br. 18-19. Instead, plaintiffs argue

Catherine O'Hagan Wolfe
May 29, 2024



that it is reasonable *at the pleading stage* to infer scienter when plaintiffs allege that defendants designed and participated in many atypical (often criminal) transactions directly involving or benefitting members of the designated terrorist organizations responsible for the attacks—as well as other parties notoriously connected to those groups' violent activities. The government never argued otherwise.

Respectfully submitted,

 /s Tejinder Singh