

1920 L Street, NW, Suite 835, Washington, DC 20036
(202) 629-3530 | sparacinopllc.com

March 4, 2025

VIA CM/ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Wildman v. Deutsche Bank Aktiengesellschaft*, No. 23-132

Dear Clerk Wolfe,

    Plaintiffs respectfully advise the Court of two recent decisions supporting our position. In *Raanan v. Binance Holdings Ltd.*, 2025 WL 605594 (S.D.N.Y. Feb. 25, 2025), the court held that the plaintiffs stated a claim against cryptocurrency exchange Binance for aiding and abetting the October 7 attacks when Binance knowingly allowed individuals associated with Hamas and Palestinian Islamic Jihad to transact in cryptocurrency without appropriate scrutiny. The court distinguished the claims that failed in *Twitter* for two reasons: (1) Binance (like banks) had independent legal duties "to implement robust anti-money laundering programs, perform due diligence on its customers, and file SARs with regulators flagging suspected illicit activity, all to prevent terrorists from accessing the United States financial system through the Binance exchange"; and (2) Binance engaged in "more than mere 'passive nonfeasance' in the provision of 'routine services'" by designing its services to be friendly to criminals and terrorists. *Id*. at *21. The same distinctions apply here.

    Similarly, in *Hakimyar v. Habib Bank Ltd.*, 2025 WL 605575 (S.D.N.Y. Feb. 25, 2025), the court refused to dismiss aiding-abetting claims against a bank that opened accounts and processed transactions for customers with "well-documented, public links to al-Qaeda." *Id*. at *7. As in *Raanan* (and here), the bank "provided more than routine banking services to terrorists and those linked to terrorists," including by exempting those customers from scrutiny "designed to expose violations of international sanctions and to prevent the flow of money to terrorists." *Id*. The court further held that the allegations satisfied *Twitter*'s articulation of the "knowing and substantial assistance" element of aiding and abetting—and that *Twitter* did not overrule *Kaplan v. Lebanese Canadian Bank*, 999 F.3d 842 (2d Cir. 2021). *Hakimyar*, 2025 WL 605575, at *9. These arguments apply fully here, as defendants perpetrated fraud and money-laundering schemes that allowed terrorists to access millions of dollars, and financed the production of explosive materials used in the vast majority of al-Qaeda's bombs.

Catherine O'Hagan Wolfe
March 4, 2025



      These cases reinforce the existing judicial consensus that when, as here, financial institutions engage in active wrongdoing that causes substantial value to flow to terrorists, *Twitter* does not foreclose liability.

                                     Respectfully submitted,

                                       <u>/s Tejinder Singh</u>