# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-956-7676
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 7, 2025

Via CM/ECF

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Wildman* v. *Deutsche Bank Aktiengesellschaft*, No. 23-132

Dear Ms. Wolfe:

Neither of the district-court decisions addressed in plaintiffs' Rule 28(j) letter supports their claims. *See Raanan* v. *Binance Holdings Ltd.*, 2025 WL 605594 (S.D.N.Y. Feb. 25, 2025); *Hakimyar* v. *Habib Bank Ltd.*, 2025 WL 605575 (S.D.N.Y. Feb. 25, 2025).

Both cases involve allegations that financial institutions intentionally and directly provided services to terrorists or known terrorist fronts. The *Raanan* court held that the plaintiffs had stated an aiding-and-abetting claim based on allegations that the defendant cryptocurrency exchange "knew in real-time that terrorists were transacting on the platform" and "intentionally engaged in a scheme to evade anti-terror financing regulations in order to retain illicit actors on the platform." 2025 WL 605594, at *21; *see id.* (defendant allegedly "went out of its way to *protect* a user associated with Hamas") (emphasis in original). In *Hakimyar*, the plaintiffs alleged that a Pakistani bank that "shared a common object" with al-Qaeda knowingly "provided more than routine banking services to terrorists and those linked to terrorists," including by placing the terrorists on special "pre-cleared" lists and "insulat[ing] their transactions from scrutiny designed to expose violations of international sanctions and to prevent the flow of money to terrorists." 2025 WL 605575, at *2, *7, *10.

Catherine O'Hagan Wolfe                                                                                    -2-

      Plaintiffs here allege nothing approaching that level of intentional assistance, conscious and culpable participation, or direct nexus to particular terrorist acts.  For their fertilizer claims, plaintiffs do not allege that Standard Chartered Bank "provided financial services directly" to any terrorist organization or front, or that there was anything unusual about the services provided.  *Raanan*, 2025 WL 605594, at *22 n.22.  For plaintiffs' claims relying on supposed anti-money laundering violations, plaintiffs do not allege that the banks knowingly provided services to terrorist clients.  Rather, plaintiffs allege only that the banks provided generic financial services to non-terrorist customers that at some point had an attenuated connection to terrorist or criminal organizations.  Plaintiffs' allegations thus fall far short of those in *Raanan* and *Hakimyar*.  *See Raanan*, 2025 WL 605594, at *22 n.22 (expressly distinguishing cases where, as here, the alleged conduct was "at least one step further removed from the FTOs").

                                          Sincerely,

                                          /s/ Jeffrey B. Wall
                                          Jeffrey B. Wall
                                          Sullivan & Cromwell LLP
                                          1700 New York Avenue, NW
                                          Washington, DC 20006
                                          (202) 956-7500
                                          wallj@sullcrom.com

                                          *Counsel for Standard Chartered*
                                          *Bank, Standard Chartered PLC, and*
                                          *Standard Chartered Bank (Pakistan)*
                                          *Limited*

cc:      All Counsel (via ECF)