

1920 L Street, NW, Suite 835, Washington, DC 20036
**(202) 629-3530** | sparacinopllc.com

June 10, 2025

VIA CM/ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Wildman v. Deutsche Bank Aktiengesellschaft*, No. 23-132

Dear Clerk Wolfe,

*Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 2025 WL 1583281 (U.S. June 5, 2025), does not support affirmance. That case involved the Protection of Lawful Commerce in Arms Act (PLCAA), enacted "to halt a flurry of lawsuits attempting to make gun manufactures pay for the downstream harms resulting from misuse of their products." *Id*. at *9. PLCAA preempted such suits except when manufacturers committed certain predicate offenses—*e.g*., criminally aiding and abetting gun crimes under 18 U.S.C. § 2. The Court held that manufacturers lawfully selling weapons to ordinary distributors committed no such crime. *Id*. at *4. This case, by contrast, arises under a statute enacted not to preempt liability but to "provide civil litigants with the broadest possible basis" to seek relief against those who "directly or indirectly" aid terrorists, JASTA § 2(b), and alleges that defendants engaged in non-routine, unlawful conduct that enabled attacks.

*Smith & Wesson* applied "principles of aiding and abetting from the criminal law," which requires intent. 2025 WL 1583281, at *4-5. But JASTA liability is governed by *Twitter v. Taamneh*, which employs the *Halberstam* sliding-scale "balancing … the nature and amount of assistance on the one hand and the defendant's scienter on the other." 598 U.S. 471, 492-93 (2023). *Twitter* recognized "daylight between the rules for aiding and abetting in criminal and tort law." *Id*. at 493. Indeed, the case cited by *Smith & Wesson* for the "canonical formulation" of the criminal standard, 2025 WL 1583281, at *5, explains that although criminal law requires intentional participation in a criminal venture, the standard in "a civil case" is satisfied if a tort is "a natural consequence of [the defendant's] original act," *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938).

Under the correct standard, defendants' illegal laundromat activities were sufficiently culpable—and the attacks that injured plaintiffs were natural consequences of those unlawful acts. SCB's Fatima transactions are also

Catherine O'Hagan Wolfe
June 10, 2025



distinguishable from routine gun sales in *Smith & Wesson* because Fatima was allegedly an ISI front deliberately distributing explosive materials to terrorists—not merely an innocent producer whose product was subsequently misused.

                                                    Respectfully submitted,

                                                /s Tejinder Singh